**Yu LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40126–ag.**

United States Court of Appeals,
Second Circuit.

Dec. 21, 2005.

Douglas B. Payne, New York, New York, for Petitioner.

Eric F. Melgren, United States Attorney, Brent L. Anderson, Assistant United States Attorney, District of Kansas, Wichita, Kansas, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

Yu Lin, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") opinion denying his application for asylum. We assume

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

the parties' familiarity with the underlying facts and procedural history.

Although judicial review is ordinarily confined to the opinion of the BIA, we review the IJ's decision where, as here, the BIA summarily adopted or affirmed the decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ Here, the IJ used flawed reasoning and misunderstanding of evidence to conclude that Lin was not credible. First, the IJ considered Lin's demeanor, determining that Lin testified unbelievably in a "very general and meager" way. Later, the IJ found Lin's testimony to be "pretty straight forward." There is no other reference to Lin's demeanor in the record and neither of these observations are explained in any detail. Without further analysis by the IJ, these observations are insufficient to constitute a reasoned basis for a finding of adverse credibility.

■ Second, the IJ observed that Lin had failed to corroborate the "key elements of his claim," finding that Lin's documentary evidence was unauthenticated and therefore unreliable. 8 C.F.R. § 287.6 is not an exclusive means of authenticating documents. As we held *Cao He Lin v. U.S. Dept. of Justice*, the IJ must articulate explicit reasons for finding that a document is unauthenticated in order to ensure that non-compliance with § 287.6 is not sole basis for that determination. 428 F.3d 391, 404–05 (2d Cir.2005). Here, Lin's corroborating evidence was integral to his asylum claim where he provided the court with (1) an affidavit from his wife corroborating his story, (2) birth certificates listing Lin as the father of his two children, and (3) a notice from the Chinese government requiring Lin to pay a 20,000 renminbi fine and demanding that his wife submit to sterilization.

Third, the IJ determined that Lin's documentary evidence contradicted his oral testimony. The inconsistencies that the IJ noted were that (1) though Lin testified he was married on January 1, 1997, his wife's letter and a notice from the government indicated that he was married in 1996 and (2) Lin claimed to have received only one notice from the Chinese government concerning his marriage and illegal second child, but the document that he submitted into evidence may have referenced previous notices. However, these two discrepancies are minor and isolated details of an otherwise consistent story. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). They are not, on their own, necessarily fatal to Lin's credibility. *See id.*

Fifth, the IJ found that Lin's testimony was implausible because he did not believe that (1) the Chinese authorities would only wish to sterilize Lin's wife, and not Lin as well, and (2) Lin's children were both born in a public hospital. However, these findings are speculative, and not substantially supported by the evidence in the record. Lin's testimony and documentary evidence indicated that the local authorities only sought to sterilize Lin's wife. Additionally, Lin testified that he did not place his identification number or age on the birth certificates, indicating that he did not want the Chinese government to have notice of the birth of his children, which is further corroborated by the notarized birth certificates themselves.

Sixth, the IJ held that Lin's testimony was inconsistent with a State Department Profile, noting that although sterilization was common in China, forced sterilization was not documented in the Fujian Province. However, the Profile also indicates that "[p]oor supervision of local officials who are under intense pressure to meet family planning targets sometimes results in abuse such as forced abortion and sterilization." Here, the IJ has overemphasized two small paragraphs of a much larger report which states only that U.S. Consular officers had not *documented* forced sterilization in Fujian Province.

Finally, the IJ found that Lin was ineligible for asylum because Congress did not intend the definition of a refugee to extend to Lin as a common law spouse of someone threatened with sterilization. In *Matter of C–Y–Z–*, the BIA held that "forced sterilization of one spouse on account of a ground protected under the Act is an act of persecution against the other spouse" for which the second spouse can establish past persecution or a well-founded fear of future persecution. 21 I. & N. Dec. 915, 919–920, 1997 WL 353222. The BIA's interpretation of Section 601(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546, also included in the definition of a refugee those people persecuted for the failure or refusal to undergo forced sterilization and forced abortion or for other resistance to a coercive population control program. *Id.* at 917. However, it is unclear to us (1) whether the BIA intended to conclude that *threats* of coercive population control, which might suffice to establish persecution or a well-founded fear for the threatened spouse, also constitute persecution or a well-founded fear for the non-threatened spouse and (2) whether a common law spouse qualifies for relief under the Act.

For the foregoing reasons, we GRANT Lin's petition for review, VACATE the BIA decision, and REMAND to the BIA (1) to determine Lin's credibility based on substantial evidence, consistent with this order, and (2) to determine whether Lin qualifies for spousal relief under IIRIRA § 601(a). Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).